```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION


KELLY CAMPBELL,                  )
                                 )
          Plaintiff,             )
v.                               )     CIVIL ACTION NO. 05-481
                                 )
LOGAN'S ROADHOUSE INC.,          )
                                 )
          Defendant.             )
```

### MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Logan's Roadhouse Inc.'s Motion to Dismiss For Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Plaintiff, Ms. Kelly Campbell, worked as a cocktail waitress at the defendant's restaurant. Ms. Campbell alleges that her supervisor, Ms. Haas, was continuously rude, unhelpful, and unfair towards Ms. Campbell. The issue before the Court is whether Ms. Haas's alleged obnoxious workplace conduct is sufficiently outrageous to satisfy the outrageous conduct requirement needed to support a claim for intentional infliction of emotional distress in Virginia. Because this Court finds that Ms. Campbell has not alleged conduct that satisfies Virginia's "outrageous" conduct requirement, Defendant's Motion to Dismiss is granted.

### I. BACKGROUND

According to Ms. Campbell's Motion for Judgment, Ms. Haas was the kind of boss that every worker dreads. Ms. Campbell

alleges that Ms. Haas was rude, demanding, and completely unfair with the way she meted out discipline among her employees. Specifically, Ms. Campbell alleges that Ms. Haas acted in an insulting manner towards her on eight separate occasions.  MFJ ¶ 10-24.

(1) Ms. Haas refused to help Ms. Campbell apprehend patrons that walked out of the restaurant without paying their bill.  MFJ ¶ 18.

(2) After Ms. Campbell asked for Ms. Haas's advice about serving patrons who appeared intoxicated, Ms. Haas walked away from Ms. Campbell without responding.  MFJ ¶ 19.

(3) Ms. Haas announced the promotion of another employee to the position of cocktail waitress.  MFJ ¶ 14.  Because of the promotion, Ms. Campbell lost two cocktail shifts a week and had to work "the floor."  MFJ ¶ 14.

(4) Ms. Haas told customers, within earshot of Ms. Campbell, that Ms. Haas could spend no more than four minutes with those customers.[1]  MFJ ¶ 13.

(5) Ms. Haas allowed the aforementioned employee who had been promoted to cocktail waitress to continue working a shift, despite the smell of alcohol on her breath.  MFJ ¶ 20.  Ms.

---

[1] This is an accurate reflection of what is stated in Plaintiff's Motion for Judgment.  However, it is likely that Plaintiff actually intended to allege that Ms. Haas told the customers that **Ms. Campbell** could spend no more than four minutes with each customer.

Campbell alleges that this was insulting to Ms. Campbell because Ms. Campbell was subsequently reprimanded for less serious infractions. MFJ ¶ 20.

(6) After Ms. Campbell refused to accept a patron's I.D. card, which had been cut in half, Ms. Haas said that she wanted to "write-up" Ms. Campbell. MFJ ¶ 21.

(7) Ms. Haas "wrote-up" Ms. Campbell after a customer complained that food had taken over thirty minutes to be served, despite the fact that the patron's meal ticket indicated that only 16 minutes had passed. MFJ ¶ 22.

(8) Ms. Haas greeted customers sitting at one of Ms. Campbell's tables. The customers told Ms. Haas that they had not been served yet. Ms. Haas replied, "something will have to be done with your server." MFJ ¶ 23.

## II.  DISCUSSION

**A. Standard of Review**

A Federal Rule of Civil Procedure 12(b)(6) motion should only be granted if it appears beyond a doubt that a plaintiff can not prove any set of facts that would entitle the plaintiff to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel*, 43

3

F.3d 918, 921 (4th Cir. 1995).

**B. Analysis**

Defendant's Motion to Dismiss is granted because Plaintiff's Motion for Judgment does not allege workplace conduct that is sufficiently "extreme and outrageous" to meet Virginia's stringent requirements for an intentional infliction of emotional distress claim.  To establish liability for intentional infliction of emotional distress, the plaintiff must show by clear and convincing evidence that the defendant's conduct (1) was intentional; (2) was extreme and outrageous; (3) caused the plaintiff's emotional distress; and (4) the plaintiff's emotional distress was severe.  *Russo v. White,* 400 S.E.2d 160, 162 (Va. 1991) (*citing Womack v. Eldrige*, 210 S.E.2d 145, 148 (Va. 1974)); *see also Harris v. Norfolk & W. Ry. Co.,* 720 F.Supp. 567, 568 (W.D.Va. 1989).

The plaintiff's claim fails the second prong of the test for intentional infliction of emotional distress.  Workplace conduct is often coarse, and workers may be forced to suffer insults and indignities.  However, such conduct rarely rises to the level of intentional infliction of emotional distress.  In Virginia, to state a cause of action for intentional infliction of emotional distress, the plaintiff must allege conduct that is "extreme and outrageous, offending traditional notions of decency."  *Russo,* 400 S.E.2d at 162 (*citing Womack*, 210 S.E.2d at 145; *see also Harris,* 720 F.Supp. at 568 (holding that public demotion of

employee did not satisfy the outrageous conduct requirement for intentional infliction of emotional distress). Virginia courts will not impose liability for mere insults, annoyances, or "petty oppressions." *Simmons v. Norfolk & W. Ry. Co.*, 734 F.Supp. 230, 231 (W.D.Va. 1990) (holding that worker did not state claim for intentional infliction of emotional distress when worker alleged that his boss continually cursed and screamed at the worker in public).

In this case, the plaintiff has endured no more than can be reasonably expected of an employee in the modern workplace. Although Ms. Haas's alleged actions were rude and obnoxious, Ms. Haas's actions did not surpass the level of harassment heaped upon the workers in *Harris* and *Simmons*. It is not a tort to have poor management skills. Particularly in the context of workplace disputes, "plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are inconsiderate and unkind." *Restatement (Second) of Torts § 46 cmmt d*; *Simmons*, 734 F.Supp. at 232 (stating that a stringent standard for intentional infliction of emotional distress is particularly applicable to disputes in the workplace). Because Plaintiff has failed to allege any activity that constitutes outrageous conduct under Virginia's stringent standard for intentional infliction of emotional distress, the Court must grant Defendant's 12(b)(6) Motion to Dismiss.

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this <u>16th</u> day of June, 2005.

```
                              _____/s/_____
                              Gerald Bruce Lee
                              United States District Judge
```

Alexandria, Virginia
06/__16__/05